UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ROBERT REYES, JR.,

    Plaintiff,

v.                                                Case No: 6:25-cv-862-JSS-DCI

WESLEY WHITED, TAMMY
LANETTE JAQUES, S. JAMES
FOXMAN, JAMES CROCKER, and
SCOTT F. SAWTELLE,

    Defendants.
_____/

## ORDER

On May 9, 2025,[1] Plaintiff, state prisoner Robert Reyes, Jr., filed a pro se complaint under 42 U.S.C. § 1983 against Defendants, deputy investigator Wesley Whited, assistant state attorney Tammy Lanette Jaques, state court judge S. James Foxman, and assistant state public defenders James Crocker and Scott F. Sawtelle, related to criminal proceedings that concluded in 2005, when Reyes began serving his sentence. (Dkt. 1.) The complaint seeks declaratory, injunctive, and monetary relief against each Defendant. (*Id.* at 15–16.) Reyes did not use the complaint form required by the Local Rules, *see* M.D. Fla. R. 6.04(a)(3) ("A pro se person in custody must use the standard form— available without charge from the clerk and on the court's

---

[1] "Under the 'prison mailbox rule,' a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009). Plaintiff furnished his complaint to prison authorities on May 9, 2025. (*See* Dkt. 1 at 1, 17.)

website—to file . . . a complaint . . . that alleges a violation of . . . federal law by a governmental official."), and "[t]he court [i]s by no means obliged to overlook [a] violation of the [L]ocal [R]ules," *see Reese v. Herbert*, 527 F.3d 1253, 1264 n.17 (11th Cir. 2008). In any event, review of the complaint under 28 U.S.C. § 1915A reveals that it must be dismissed.

Section 1915A requires the court to screen, "as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The statute instructs the court to dismiss complaints that are frivolous, that fail to state claims for relief, or that seek monetary relief from defendants who are immune. 28 U.S.C. § 1915A(b). The court may sua sponte consider a statute of limitations defense in an action if that defense is apparent from the face of the complaint. *Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990) ("The expiration of the statute of limitations is an affirmative defense the existence of which warrants a dismissal as frivolous. . . . When the defense is apparent from the face of the complaint or the court's records, courts need not wait and see if the defense will be asserted in a defensive pleading."). The court need not grant leave to amend when doing so is futile—that is, "when the complaint as amended would still be properly dismissed." *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007). Here, the court dismisses Plaintiff's claims as frivolous and denies leave to amend due to futility.

With regard to the assistant state attorney, state court judge, and assistant state public defenders that Plaintiff sues in connection with the state court criminal proceedings resulting in his conviction, Plaintiff alleges that these Defendants denied him due process under the Constitution and violated the Florida Rules of Judicial Administration and the Americans with Disabilities Act. (Dkt. 1 at 3–4, 9–10.) "Section 1983 provides judicial remedies to a claimant who can prove that a person acting *under color of state law* committed an act that deprived the claimant of some right, privilege, or immunity protected by *the Constitution or laws of the United States*." *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995) (emphasis added). Section 1983 does not provide remedies for violations of state law such as the Florida Rules of Judicial Administration. *Cf. Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985) ("[A v]iolation of a state statute . . . does not automatically constitute a violation of constitutional rights necessary to sustain a section 1983 action.").

Further, to show that a defendant acted under color of state law for purposes of section 1983, a plaintiff must allege a sufficient relationship between the defendant and the state. *See Farrow v. West*, 320 F.3d 1235, 1239 n.3 (11th Cir. 2003). Defense attorneys, such as the public defenders that Plaintiff sues in this action, are not state actors subject to liability under section 1983. *See Wahl*, 773 F.2d at 1173 (explaining that allegations against a public defender did not state a claim under section 1983 because the public defender "did not act under 'color of state law' notwithstanding his appointment as counsel by a judicial officer"); *see also Holt v. Crist*, 233 F. App'x 900,

903 (11th Cir. 2007). In addition, prosecutors and judges are generally immune for acts they undertook while performing their prosecutorial and judicial duties. *Kalina v. Fletcher*, 522 U.S. 118, 124 (1997) ("[A] state prosecuting attorney who acted within the scope of his duties in initiating and pursuing a criminal prosecution [i]s not amenable to suit under [section] 1983." (quotation omitted)); *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) ("Judges are entitled to absolute judicial immunity from damages for those acts taken while . . . acting in their judicial capacity unless they acted in the clear absence of all jurisdiction. This immunity applies even when the judge's acts are in error, malicious, or . . . in excess of his or her jurisdiction." (quotations omitted)).

With regard to the deputy investigator, Plaintiff describes events that occurred in 2004. (Dkt. 1 at 5–6.) Indeed, all misconduct alleged in the complaint occurred before 2006. (*See id. passim*.) The limitations period for section 1983 actions is "governed by the forum state's residual personal injury statute of limitations, which in Florida" sets a limitations period of four years. *City of Hialeah v. Rojas*, 311 F.3d 1096, 1103 n.2 (11th Cir. 1990). Because the alleged events occurred more than four years before Plaintiff filed the complaint on May 9, 2025, this action is time-barred.

Moreover, to the extent that the complaint may be construed to seek reversal of Plaintiff's related criminal conviction, such relief is not available in an action under section 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the

relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."); *Abella v. Rubino*, 63 F.3d 1063, 1066 (11th Cir. 1995) ("[D]eclaratory or injunctive relief claims which are in the nature of habeas corpus claims—[that is], claims which challenge the validity of the claimant's conviction or sentence and seek release—are simply not cognizable under [section] 1983.").

Accordingly:

1. Plaintiff's complaint (Dkt. 1) is **DISMISSED as frivolous**.
2. The Clerk is **DIRECTED** to enter judgment in favor of Defendants, to terminate any pending motions and deadlines, and to close this case.

**ORDERED** in Orlando, Florida, on June 9, 2025.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Unrepresented Parties